IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| JOSEPH GERALD HENSLEY, | 1:24-CV-136-SPB-RAL |
| | SUSAN PARADISE BAXTER<br>United States District Judge |
| Petitioner | |
| v. | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| DAVID CLOSE, et al., | Report and Recommendation on<br>Respondent's Motion to Dismiss |
| Respondents | ECF No. 17 |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that Respondent's Motion to Dismiss for Lack of Jurisdiction [ECF No. 17] be GRANTED and that Petitioner Joseph Gerald Hensley's *pro se* Petition for Writ of Habeas Corpus [ECF No. 5] be DISMISSED because the petition is second or successive and Petitioner did not receive an order from the United States Court of Appeals for the Third Circuit authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b). It is further recommended that a Certificate of Appealability be denied.

II.  Report

   A.  Background

In June 2016, Petitioner pled guilty in the Court of Common Pleas of Warren County to sexually assaulting a fifteen-year-old girl. On October 7, 2016, the trial court sentenced him to a term of imprisonment of 36 to 108 months at criminal docket number CP-62-CR-528-2015.

On February 8, 2018, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *See Hensley v. Cappoza*, No. 1:18-CV-0044-SPB. Petitioner challenged the judgment of sentence imposed at CP-62-CR-528-2015 based on alleged ineffective assistance of trial counsel. *Id.* on October 24, 2019, the petition was denied and dismissed with prejudice. *Id.*

Petitioner filed a second § 2254 petition challenging the conviction at CP-62-CR-528-2015 in this Court on July 29, 2022. *See Hensley v. Kleinfelter*, No. 1:22-CV-241-SPB-RAL. On June 15, 2023, United States District Judge Susan Paradise Baxter adopted the undersigned's recommendation that the petition be dismissed with prejudice. *Id.*

On May 21, 2024, Petitioner filed the instant petition for writ of habeas corpus. *See* ECF No. 1. As with his two prior petitions, Petitioner is again challenging the judgment of sentence at criminal docket number CP-62-CR-528-2015. For the following reasons, his petition should be dismissed for lack of jurisdiction as an unauthorized second or successive petition.[1]

B. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas corpus petition challenging a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). *See, e.g., Magwood v. Patterson*, 561

---

[1] This matter has been assigned to the undersigned for a Report and Recommendation pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1).

2

U.S. 320 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the Court of Appeals must decide within thirty days whether there is a *prima facie* showing that the application satisfies § 2244's substantive requirements, set forth in § 2244(b)(2). *See* U.S.C. § 2244(b)(3). AEDPA's allocation of "gatekeeping" responsibilities to the Courts of Appeals divests district courts of jurisdiction over habeas petitions that are second or successive filings until the appropriate Court of Appeals authorizes the filing. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147 (2007).

In the instant petition for a writ of habeas corpus, Petitioner is challenging the same Warren County judgment of sentence that he challenged in his prior § 2254 petitions at dockets 1:18-CV-0044-SPB and 1:22-CV-241-SPB-RAL. A review of the Court of Appeals' docket establishes that Petitioner has not sought or received authorization to pursue a second or successive petition. Accordingly, this Court must dismiss the petition for lack of jurisdiction.[2]

III.    Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at

---

[2] This recommendation is without prejudice to Petitioner's ability to seek authorization to file a second or successive petition from the Court of Appeals for the Third Circuit. If the Court of Appeals grants his application, he can then file another habeas action in this Court at a new docket number.

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, the Court concludes that jurists of reason would not find it debatable whether each of Petitioner's claims should be denied for the reasons given herein. Accordingly, a certificate of appealability should be denied.

IV.   Conclusion

For the reasons stated herein, it is respectfully recommended that Respondent's motion to dismiss be granted and that Hensley's petition for writ of habeas corpus be dismissed. It is further recommended that a certificate of appealability be denied and this action closed.

V.   Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated this 3rd day of March, 2025.

SUBMITTED BY:

RICHARD A. LANZILLO
Chief United States Magistrate Judge