IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH GERALD HENSLEY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )   Case No. 1:24-CV-136 |
| | ) |
| **DAVID CLOSE, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

**MEMORANDUM ORDER**

    This petition for writ of habeas corpus was received by the Clerk of Court on May 22, 2024. The matter was assigned and referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

    On March 3, 2025, Judge Lanzillo issued a Report and Recommendation finding that the petition is second or successive and granting Respondent's motion to dismiss for lack of jurisdiction. ECF No. 31. As the basis for this recommendation, Judge Lanzillo cited two prior petitions for writ of habeas corpus: *Hensley v. Cappoza*, 1:18-cv-44 and *Hensley v. Kleinfelter*, 1:22-cv-241. *Id*.

    Petitioner filed Objections in response to the Report and Recommendation. ECF No. 22. In his Objections, Petitioner claims that his previous habeas petitions were forged by other inmates, yet he believed he was required to pursue the fraudulent § 2254 petitions to completion. However, this assertion lacks credibility. A review of the dockets and filings in both prior cases shows no indication that Petitioner ever objected to the petitions as being unauthorized. On the

contrary, he actively litigated both cases, submitting numerous motions. Furthermore, a comparison of the filings in the prior cases with those in the present matter reveals significant similarities in handwriting. These facts undermine Petitioner's claim and suggest that he was fully aware of and involved in the prior petitions.

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under 28 U.S.C. § 636. *See Hill v. Barnacle*, 655 Fed. App'x 142, 148 (3d Cir. 2016) ("District courts are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b). We presume that the District Court engaged in the required de novo review absent some indication to the contrary. There is no such indication here because the District Court noted Hill's objections and stated that it reviewed the record independently.") (internal citation omitted).

After *de novo* review of the documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 1st day of April 2025;

IT IS ORDERED that the motion to dismiss for lack of jurisdiction [ECF No. 17] be granted, the petition for writ of habeas corpus be dismissed, and no certificate of appealability issue.

AND, IT IS FURTHER ORDERED that the report and recommendation of Chief Magistrate Judge Lanzillo, issued on March 3, 2025 [ECF No. 21] is adopted as the opinion of the court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge